### IVY v. CASTON.

#### DEVRIES & CO. v. SAME.

1. Where the affidavit upon which an attachment is issued by a clerk of court or Circuit judge positively alleges a mortgage given by the debtor to another, and contains a statement of belief, resting upon hearsay, inferences, and conjecture, that there was intent to defraud, but makes no positive averment founded on sufficient facts as to the intent and purpose of this mortgage—the attachment should be dissolved, on motion, for irregularity.
2. *Quere:* Is a mortgage a disposition of property within the meaning of the attachment law?
3. Whether an attachment has been improvidently issued or not involves a question more of fact than of law.

Before FRASER, J., York, November, 1883.

These were motions to dissolve attachments issued, the one by the order of Judge Witherspoon, of the sixth Circuit, in the case of William Devries & Co. against J. P. Caston; and the other by the clerk of court in the case of J. M. Ivy against the same defendant. Both were levied in September, 1883.

The affidavit in the Ivy case upon which the attachment issued was made by J. J. Waters, Esq., and was as follows:

I. That a cause of action exists against the defendant and in favor of the plaintiff, to wit (the action being now pending and deponent being one of plaintiff's attorneys): (1.) Plaintiff is the holder of a note of which the following is a copy, the original signature being in the handwriting of the defendant:

$1,377$\frac{61}{100}$                      ROCK HILL, S. C., Sept. 8, 1883.

One day after date I promise to pay to the order of J. M. Ivy & Co. thirteen hundred and seventy-seven 61-100 dollars, with interest from date until paid, at ten per cent. per annum, for value received.            (Signed)        J. P. CASTON.

(2.) W. G. Reid & Co., at defendant's request, sold merchandise to him amounting to one hundred and sixty-three 60-100 dollars, which account is now due, and the same has been duly assigned to the plaintiff, everything stated with reference to this account being based upon information and belief growing out of communications had with W. G. Reid and the plaintiff.

II. That the defendant has recently executed a mortgage upon his stock of goods at Rock Hill to one S. K. Marks, of Chester, S. C., in the sum of ten thousand dollars, to wit, on April 30, 1883, which mortgage this deponent believes to be fraudulent and made to dispose of his said stock of goods with intent to defeat, hinder, delay, and defraud his creditors, and among them the plaintiff. Deponent states his grounds of belief as follows: 1. The said S. K. Marks is the keeper of a small furniture store in the town of Chester, and cannot now be worth, and could not on April 30, 1883, judging from his surroundings, have been worth near the sum of ten thousand dollars. 2. That S. K. Marks is a relative of the said defendant, and during the past year there has been no apparent change in the extent of his business. 3. After allowing for the defendant's indebtedness outside and known to the deponent and heard of, including the claims of the plaintiff, deponent does not believe that the said defendant, judging from the character and extent of his business at Rock Hill, where deponent resides, can be indebted to the said S. K. Marks, or any other person or persons, in any such sum as ten thousand dollars, or even the half of said sum; and that during the past year there has been no apparent change in the extent of his business.

Wherefore deponent prays for a warrant of attachment against the property of defendant in behalf of the plaintiff.

The affidavit in the case of Devries & Co. against Caston, upon

which the attachment was issued, was made by G. W. S. Hart, Esq., and was as follows :

1. That he is one of the attorneys (Hart & Hart) for plaintiffs in above entitled action, and that plaintiffs are not residents of the state of South Carolina, but do business in the city of Baltimore, state of Maryland.

2. That plaintiffs have two causes of action against the defendant, which defendant has admitted to deponent, and which plaintiffs have set forth in their sworn complaint, hereto annexed.

3. That deponent, on the 31st day of August last past, went over from Yorkville to Rock Hill, S. C., where defendant does business, for the purpose of requesting defendant to pay, or to secure the payment of, the two notes described in the said complaint. That deponent did so request defendant, and defendant averred his inability to pay at said time, and stated that his stock of merchandise, etc., was already under mortgage for over ten thousand dollars. That deponent, on his return to Yorkville, proceeded to examine the public records of York county, and there found recorded in book "AAA," pp. 272, 273, a mortgage to S. K. Marks, of Chester county, S. C. That the copy mortgage hereto annexed is a true copy of said mortgage as recorded. That since his said return from Rock Hill, deponent has made inquiry as to the reputed worth of said S. K. Marks, whom deponent knows to be the keeper of a small furniture store in Chester, S. C.; and from said inquiries, and such personal knowledge as deponent had and has, deponent was strengthened in his belief, and does now verily believe, that said S. K. Marks is not, and was not at the time of the execution of said mortgage, worth so much as five thousand dollars, estimating therein any and every species of property of which the said S. K. Marks is now or was then possessed; and, therefore, that James P. Caston could not have been indebted to said S. K. Marks in any such sum as ten thousand dollars.

4. That from the terms of said mortgage, and the matters and things hereinbefore recited, deponent was led to believe, and does verily believe, that said mortgage was executed by the said James P. Caston to the said S. K. Marks (a relative, as deponent is informed and believes) with the intent so to dispose of the property so mortgaged as to defeat, hinder, delay, and defraud the creditors, and among them the plaintiffs above named, of him, the said James P. Caston.

5. That the books of the county auditor for York county show that James P. Caston has returned for taxation real estate valued at twelve hundred and fifty dollars, and personal estate valued at fourteen hundred and seventy-five dollars. That the public

records show that his real estate is under mortgage to secure the payment of ten hundred and eighteen dollars.

Motions were made by defendant to set these attachments aside because both irregularly and improvidently issued. The affidavits relating to the second ground of the motions need not be stated. The Circuit judge overruled both grounds of the motion, saying as to the first: "If the matter were before me on an application for a warrant of attachment, I would have some doubt as to the sufficiency of the affidavits on which the warrant in the case of J. M. Ivy was issued; but I am not willing to disturb the conclusion of the clerk that the *prima facie* evidence of fraud is sufficient in the case of James M. Ivy. The additional facts stated in the affidavit on which the warrant was issued in the case of Wm. Devries & Co. are clearly sufficient for this purpose."

The defendant appealed in both cases upon the grounds following:

1. For error in not holding that in each of the above cases the warrant of attachment should be vacated upon the ground that the affidavits upon which they were based did not set forth a cause of action in favor of the plaintiffs against the defendant, and did not specify the amount of the claim and the grounds thereof.

2. Because the affidavit on which the warrant of attachment in the case of James M. Ivy was based should have been made by the said James M. Ivy instead of by his attorney.

3. Because it does not appear from the facts stated in either of the affidavits in above cases that the defendant assigned, or disposed of, or removed, or was about to remove, the property mentioned in the mortgage to S. K. Marks, or with intent to defraud his creditors.

4. Because said attachments were not issued in conformity with the provisions and requirements of section 250 of the code of procedure in this state.

5. Because his honor, it is respectfully submitted, erred in holding that the mortgage executed to S. K. Marks by the defendant was such an assignment or disposal of the property as is meant by the said attachment law.

6. Because said mortgage was satisfied and so marked several

months before said attachments were issued, and was not in exist-
ence at the date of said issuing.

.7. For error in not holding that said attachments were void.

8. Because the affidavits herein referred to were not in com-
pliance with the provisions and requirements of the said attach-
ment act, and his honor erred in holding that said defects could
be cured by subsequent affidavits, and in not holding that said
affidavits were fatally irregular and defective.

9. That his honor erred in holding that the facts of the case
justified the issuing the warrants of attachment in above cases.

*Messrs. Wilson & Wilson*, for appellant.

*Messrs. C. E. Spencer* and *Hart & Hart*, contra.

November 14, 1884. The opinion of the court was deliv-
ered by

MR. CHIEF JUSTICE SIMPSON. Motions were made in the
above cases at chambers, before his honor Judge Fraser, in No-
vember, 1883, to discharge the attachments therein. The
motions were made on two grounds: First, for irregularity, the
affidavits on which each was based being alleged to be insuffi-
cient. Second, that the warrants were improvidently issued,
because the facts stated in the affidavits were untrue. Judge
Fraser dismissed the motion in each case with $10 costs. The
defendant has appealed, assigning error to the Circuit judge in
holding the affidavits sufficient, and the warrants, therefore, regu-
lar; and also in holding that the facts alleged had been sustained;
in other words, in holding that the warrants had neither been
irregularly nor improvidently issued.

The remedy by attachment for the collection of a debt, though
not strictly a common law proceeding, is yet of ancient origin,
and has been incorporated into the legal systems of most coun-
tries where the rights of creditors are at all regarded. It has
been engrafted by statute in some form upon the laws of perhaps
all of our states. While no doubt it is a proceeding necessary to
trade and commerce, yet it is a severe and somewhat harsh
remedy, and should not be extended beyond its prescribed limits.

In our state its foundation is an affidavit, in which must be contained the conditions specified in the act, to wit, that a cause of action exists against the defendant, specifying the amount of the claim, * * * and that the defendant "has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete any of his property with *intent to defraud his creditors.*"

.If such affidavit be not made, or if either of these conditions be wanting in the affidavit made, and this appears upon the face of the proceedings, it would not be regular to issue the warrant; and if, notwithstanding these defects, it should be issued, it may be dissolved on motion, on the ground of irregularity. This, of course, refers to cases where the attachment is sought on the ground of disposition of property, &c., &c. So, too, if the statements contained in the affidavit, which, if true, would be sufficient to sustain the warrant, should afterwards be made to appear by counter-affidavits to be untrue, the attachment may be dissolved on the ground that it has been improvidently issued. These attachments, as has been said above, are assailed here upon both of the grounds mentioned, to wit, because both irregularly and improvidently issued. The first was issued by the clerk of the court and the other by the judge of the Circuit, and each upon the affidavit of the attorney of the plaintiff. These affidavits will be found in the statement of the case.

We have three cases in our recent reports, in which the requirements of affidavits in attachment proceedings have been discussed and adjudicated. *Smith & Melton* v. *Walker*, 6 *S. C.*, 169; *Brown* v. *Morris*, 10 *S. C.*, 469; and *Claussen* v. *Fultz*, 13 *S. C.*, 478. When the cases before the court are examined under the light of these cases just cited, we are constrained to the conclusion that the Circuit judge erred in holding the affidavits sufficient, and in refusing defendant's motions.

In *Smith & Melton* v. *Walker*, it was said, in substance, that where the attachment is sought upon the ground that the debtor has assigned, disposed of, or secreted his property, or is about to do so, the affidavit must not be founded simply upon information and belief, but it must state the facts upon which this belief is based.

In *Brown* v. *Morris*, where the plaintiff had attempted to conform to this rule, at least in form, by stating the facts upon which

he relied, it was held that in addition to the statements of the facts, and the sources from which the information is derived, the evidence presented in support thereof should be of such a character as would in an action at law *prima facie* establish the facts alleged, the court saying, "that in no other way than in such sense and by such means, can the requisite facts be made to appear to the judge or other proper officer before whom the motion is made." And in *Claussen* v. *Fultz*, where the attachment was obtained upon an affidavit in which deponent stated upon information and belief, that the defendant was disposing of his property and effects with intent to defraud his creditors, and that he was running his business as agent for that purpose, the court held that such affidavit was insufficient, and that the plaintiff should go further and "show an actual disposition of the property made or intended, *with intent* to defraud his creditors."

Now the only fact found in the affidavits here, which stands free from mere information and belief, and which is sustained by a positive averment of the deponent, is the fact that the debtor, previous to the issuing of the attachment, had executed a mortgage of his property to one Marks, a relative. The affiant in each case, it is true, after stating this fact, does go on to say that from inquiry and such information as could be obtained, he does not believe that Caston could be indebted to Marks in the sum mentioned in the mortgage, and that said mortgage was executed with the intent to defraud the creditors of Caston.

Now the execution of the mortgage would not in itself be sufficient to satisfy the statute as a ground for the attachment; because it does not follow in every case that the execution of a mortgage is intended to defraud creditors. Mortgages are legitimate transactions and are of very frequent occurrence. There must be something more than this—something more than a disposition of the property even—there must be a disposition *made* or *intended*, with intent to defraud creditors; and the affidavit should contain facts bearing upon both of these conditions. Even assuming that the execution of the mortgage here might satisfy the first condition, *i. e.*, a disposition of the defendant's property (which it is not necessary now to determine), yet the affidavits are wanting in the statement of facts to satisfy the second, viz., the

intent to defraud creditors. There is a statement of belief on the part of the affiants, but this belief when analyzed seems to rest more upon hearsay, inferences, and conjecture, than facts within the knowledge of the affiants, capable of being testified to by them.

Of course, we decide nothing as to the character and intent of this mortgage. It may or not have been fraudulent in purpose. That is not the question before us. We are considering the sufficiency of the affidavits to sustain the attachments, and as the weight of these consists in the statement that the debtor had executed a mortgage of his property previous to the issuing of the attachments, with no positive averment founded on sufficient facts as to the intent and purpose of this mortgage, we think, under the principles laid down in the cases cited *supra*, that said attachments should have been dissolved for irregularity.

Having reached this conclusion upon the first ground of appeal, it is unnecessary to discuss the second, and especially as that involves more a question of fact than of law.

It is the judgment of this court that the judgment of the Circuit Court be reversed.